Mark E. Bowers, OSB 172054
mbowers@oregonlawcenter.org
Tel:  (503) 473-8316
David Henretty, OSB 031870
dhenretty@oregonlawcenter.org
Tel:  (503) 473-8684
OREGON LAW CENTER
522 SW Fifth Ave., Suite 812
Portland, OR 97204
Fax:  (503) 295-0676

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JULIO AGUILAR-PADILLA**, | Case No.   3:21-cv-00753-MO |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| vs. | |
| **BOYDSTUN EQUIPMENT MANUFACTURING, LLC**, an Oregon limited liability company, | JURY TRIAL DEMANDED |
| Defendant. | |

## I    INTRODUCTION

1. Plaintiff Julio Aguilar-Padilla painted semi-truck trailers and customized semi-trucks for Defendant Boydstun Equipment Manufacturing, LLC.

2. In November 2020, the Clackamas Public Health Authority ordered plaintiff into a two-week quarantine after his wife had tested positive for Covid-19. Plaintiff notified defendant of the quarantine order and provided documentation from the health authority.

Page 1 – FIRST AMENDED COMPLAINT

Defendant subsequently requested further documentation of plaintiff's wife's Covid-19 diagnosis. Plaintiff refused to provide defendant with his wife's protected health information. On November 22, 2020, defendant fired plaintiff. Defendant paid plaintiff his remaining 20 hours of paid time-off under Oregon law. Defendant failed to pay plaintiff for any of the 80 hours in paid sick time entitled to him under federal law, including vested and owed paid sick time that accumulated before defendant terminated plaintiff's employment.

3.  Plaintiff seeks payment of the remaining paid sick leave he is owed under the Families First Coronavirus Relief Act ("FFCRA"), liquidated damages pursuant to the Fair Labor Standards Act, non-economic damages for being discharged after invoking his rights under the Oregon Safe Employment Act, and penalty wages under Oregon wage law.

## II  JURISDICTION AND VENUE

5.  This Court has jurisdiction over plaintiff's claim for federal paid sick time pursuant to 28 U.S.C. § 1331 because that claim arises under federal statutes, the Families First Coronavirus Relief Act and the Fair Labor Standards Act. This court has supplemental jurisdiction over plaintiff's Oregon state law claims pursuant to 28 U.S.C. § 1367 because all claims asserted in this action are part of the same case or controversy.

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in the district.

## III  PARTIES

7.  Plaintiff Julio Aguilar-Padilla is a resident of Oregon.

8.  Defendant Boydstun Equipment Manufacturing, LLC, is a domestic limited liability company registered in the State of Oregon with its principal place of business in Clackamas, Oregon.

## IV  FACTUAL ALLEGATIONS

9.  Defendant employed plaintiff from March 23, 2018 until November 22, 2020.

Page 2 – FIRST AMENDED COMPLAINT

10. Plaintiff worked 40 hours a week for defendant and his regular wage was $22.00 per hour.

11. On Friday, November 13, 2020, defendant sent plaintiff home from work early after a co-worker had been exposed to Covid-19.

12. On that same date, plaintiff was informed his wife independently tested positive for Covid-19. Plaintiff was ordered by the Clackamas County Health Authority to remain quarantined for two weeks and could not return to work until November 28, 2020.

13. Plaintiff was issued an email with a letter executed by Sarah D. Present, MD, the Health Officer for the Clackamas County Public Health Division, that he could forward to his employer as work excuse documentation.

14. Plaintiff was scheduled to work the week beginning Monday, November 15, 2020. Plaintiff informed defendant that he could not report to work and would be remaining home for two weeks as of November 13, 2020 in quarantine because the Health Authority had ordered him. Plaintiff was otherwise able to perform his duties but for the quarantine order.

15. Plaintiff forwarded the email from the health authority to the company that included his name, a statement that Plaintiff was unable to work, and name of government entity that ordered him to quarantine.

16. After accepting plaintiff's documentation for leave, defendant requested protected health information regarding his wife's diagnosis in violation of 29 CFR 826.90(2)(c). Plaintiff had been informed by the Clackamas County Health Authority that he was not required to provide any medical information about his wife to his employer, and plaintiff refused defendant's request insisting that he had already provided sufficient documentation under the law.

17. On Sunday, November 22, 2020, after plaintiff had accumulated 40 hours of paid sick time owed for time missed due to the quarantine, defendant informed plaintiff that he was terminated for his refusal to provide further documentation of his wife's diagnosis.

Page 3 – FIRST AMENDED COMPLAINT

18.     On December 7, 2020, defendant issued a paycheck to plaintiff for 20 hours of paid time off.

19.     Defendant did not pay plaintiff any additional paid sick time for the time period he was ordered to quarantine by the county health authority.

20.     But for his unlawful termination for taking paid sick leave under the FFCRA, Plaintiff would have returned to work on November 30, 2020.

## V   FIRST CLAIM FOR RELIEF

**Failure to Pay Sick Leave in Violation of, and Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.**

21.     Plaintiff re-alleges paragraphs 1-20.

22.     Under the Sec. 5102 of the FFCRA, a full-time worker employed by a company with fewer than 500 employees is entitled to eighty hours of paid sick time at his regular rate of pay if he is ordered by a health care provider or public health authority to quarantine due to reasons or concerns related to Covid-19.

23.     Defendant employs fewer than 500 employees.

24.     Under the FFCRA, Plaintiff was entitled to be compensated for the remainder of his two-week quarantine not covered by his Oregon sick time, which, but for his unlawful termination in retaliation for taking paid sick leave, would have been sixty hours.

25.     Under FFCRA Section 5105(a), an employer who fails to provide paid sick leave as required by FFCRA has failed to pay minimum wages in violation of, and is subject to penalties under, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 216, and 217.

26.     At his regular rate of pay of $22.00 per hour applied to the sixty hours to which he is owed, plaintiff is entitled to $1,320.00 in unpaid wages and payment of an equal amount in liquidated damages. 29 U.S.C. § 216(b).

27.     Plaintiff claims attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

//

## VI SECOND CLAIM FOR RELIEF

### Violation of Oregon Safe Employment Act – ORS 654.062

28. Plaintiff re-alleges paragraphs 1-27.

29. On November 16, 2020, the Oregon Occupational Safety and Health Division's Temporary Rule Addressing COVID-19 Workplace Risks (OAR 437-001-0744) promulgated under the Oregon Safe Employment Act went into effect.

30. At OAR 437-001-0744 (3)(l)(B), the agency guarantees that employees ordered into quarantine by a local health authority are entitled to return to their job, so long as it was still available, without adverse action as a result of participation in COVID-19 quarantine or isolation activities.

31. On June 15, 2021, Governor Kate Brown signed into law SB 483, which because of its emergency clause became effective immediately. The Act amended ORS 654.062 to create a rebuttable presumption that an employer committed an unlawful employment practice if he or she discharges an employee within 60 days after the employee has engaged in protected activities including activities protected by the Oregon Safe Employment Act. The amendment to ORS 654.062 applies to complaints and civil actions filed in which a decision or judgment is entered on or after effective date of the Act. *See* ORS 654.062(7).

32. Discharging an employee for exercising the rights guaranteed by the Oregon OSHA temporary rule including the right to comply with an order of quarantine without retaliation for doing so is an unlawful employment practice under ORS 654.062(5) for which an employee can seek all appropriate relief before the court as if the employer had discriminated against them under ORS 659A.030(1)(f). *See* ORS 654.062(5-6).

33. As alleged above, plaintiff notified defendant that he had been ordered into quarantine by the Clackamas County Health Authority and that he would return to work on November 30, 2020 after he had completed the quarantine.

34. On November 22, 2020, before plaintiff had completed his quarantine, defendant terminated plaintiff's employment in violation of the FFCRA and Oregon OSHA temporary rule. Defendant's termination of plaintiff's employment while he was participating in COVID-19 quarantine or isolation activities creates a rebuttable presumption of retaliation under ORS 654.062(7).

35. Defendant's unlawful employment practice was motivated in substantial part by plaintiff's invocation of rights pursuant to the FFCRA and OAR 437-001-0744 (3)(l)(B).

36. As a result of defendant's unlawful employment practice, plaintiff has suffered and continues to suffer emotional distress in the form of humiliation, anxiety, depression, stress, grief, and worry, among other non-economic damages.

## VII   THIRD CLAIM FOR RELIEF

**Failure to pay wages on termination and penalty wages – ORS 652.140 - 652.150**

37. Plaintiff re-alleges paragraphs 1 – 36.

38. Defendant terminated plaintiff's employment during his quarantine in November 2020 after plaintiff had already accumulated and was owed 40 hours of paid sick time.

39. As alleged above, plaintiff was owed the paid sick time that had vested before his unlawful termination and was entitled to $1,320.00 in unpaid sick time pursuant to the FFCRA at the time his employment ended because his termination by defendant was an unlawful employment action.

40. Plaintiff, through counsel, submitted a written notice of nonpayment to defendant on March 19, 2021.

41. To date, defendant has not paid plaintiff his wages due and owed to him, in violation of ORS 652.140 and OAR 839-001-0420.

42. Pursuant to ORS 652.150, in addition to the $1,320 in wages due, plaintiff is entitled to penalty wages in the amount of his normal salary of $22.00 per hour at eight hours a day for thirty days, or $5,280.00.

43. Plaintiff claims attorney fees and costs pursuant to ORS 652.200(2).

## PRAYER

WHEREFORE, plaintiff requests judgment in his favor and against defendant as follows:

1. For plaintiff's First Claim for Relief, actual damages and liquidated damages against defendant for failure to pay sick leave under FFCRA and FLSA in an amount not to exceed $2,640, 29 U.S.C. § 216(b);

2. For plaintiff's Second Claim for Relief, compensation for his non-economic damages, including his emotional pain and suffering, in an amount to be proven at trial;

3. For plaintiff's Third Claim for Relief, penalty wages for failure to pay wages upon termination in the amount of $5,280.00, ORS 652.140 - 652.150;

4. Reasonable attorney fees and costs, pursuant to 29 U.S.C. § 216(b) and ORS 652.200(2);

5. Such further or alternative relief in his favor as the court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of action and claims to which he has a right to a jury trial.

Dated this 29 of July, 2021

        Oregon Law Center

        __s/Mark E. Bowers_____
        Mark E. Bowers, OSB#172054
        (503) 473-8316
        Of Attorneys for Plaintiff

Page 8 – FIRST AMENDED COMPLAINT