IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JULIO AGUILAR-PADILLA**,

      Plaintiff,

  v.

**BOYDSTUN EQUIPMENT MANUFACTURING, LLC,** an Oregon limited liability company,

      Defendant.

No. 3:21-cv-00753-MO

OPINION AND ORDER

**MOSMAN, J.**,

This matter comes before me on Defendant Boydstun Equipment Manufacturing, LLC's ("Boydstun") Renewed Motion for Judgment as a Matter of Law, or in the Alternative, for a New Trial, or in the Alternative, for Remittitur [ECF 139]. For the reasons below, I DENY Boydstun's motions.

## BACKGROUND

Boydstun employed Plaintiff Julio Aguilar-Padilla. Second Am. Compl. ("SAC") [ECF 26] at 2, ¶ 9. In November 2020, Mr. Aguilar-Padilla received an email from the Clackamas County Public Health Division ("Health Division") telling him to quarantine after his wife tested positive for COVID-19. *Id.* at 3, ¶¶ 12–13. Mr. Aguilar-Padilla forwarded the email to Boydstun and did not report to work based on the Health Division's email. *Id.* at ¶¶ 15, 17. While Mr. Aguilar-Padilla was out from work, Boydstun came to believe that he was not actually quarantining at home as the

1 – OPINION AND ORDER

Health Division had directed. Def.'s Mot. for Summ. J. [ECF 59] at 6–7; Def.'s Trial Mem. [ECF 91] at 3–4. As a result, Boydstun terminated Mr. Aguilar-Padilla. SAC at 4, ¶ 21.

Mr. Aguilar-Padilla then brought suit, alleging three claims. The first claim alleged that Boydstun failed to pay Mr. Aguilar-Padilla sick leave under federal law, the second claim alleged Boydstun violated ORS 654.062(5)(c) of the Oregon Safe Employment Act (the "Act") when it terminated Mr. Aguilar-Padilla for quarantining and missing work, and the third claim alleged that Boydstun owed Mr. Aguilar-Padilla penalty wages under state law. *Id.* at 4–8.

The bulk of the litigation revolved around Mr. Aguilar-Padilla's second claim. ORS 654.062(5)(c) makes it illegal to fire an employee for engaging in a protected activity. In November 2020, the Oregon Occupational Safety and Health Division implemented a temporary administrative rule that states: "Whenever the Oregon Health Authority, local public health agency, or medical provider recommends an employee be restricted from work due to quarantine or isolation for COVID-19 . . . the affected worker(s) must be directed to isolate at home and away from other non-quarantined individuals." OAR 473-001-0744(3)(*l*). The rule continues: "Whenever an employee participates in quarantine or isolation . . . the affected worker(s) must be entitled to return to their previous job duties if still available and without any adverse action as a result of participation in COVID-19 quarantine or isolation activities." OAR 473-001-0744(3)(*l*)(B).

Mr. Aguilar-Padilla asserted that under OAR 473-001-0744(3)(*l*) he had a protected right to stay away from work when ordered to do so or infected with COVID-19. SAC at 5–6, ¶¶ 34–36. He contended that Boydstun violated ORS 654.062(5)(c) when it fired him for exercising that right. Id. at 6–7, ¶ 41. In defense, Boydstun raised several arguments, including that it fired Mr.

2 – OPINION AND ORDER

Aguilar-Padilla because he did not quarantine while away from work, and therefore he did not engage in any protected activity. Def.'s Trial Mem. at 3–4.

The Parties engaged in significant argument over whether OAR 437-001-0744(3)(*l*)(B) created a cause of action under ORS 654.062(5)(c), and if so, the nature of the right that OAR 437-001-0744(3)(*l*)(B) created. At the motion to dismiss stage, Mr. Aguilar-Padilla moved to certify these questions for the Oregon Supreme Court. Mot. to Certify [ECF 35]. I granted the motion, but the Oregon Supreme Court declined to accept the certified questions. Mins. of Proceedings [ECF 39]; Order Declining Cert. Questions [ECF 43].

The case proceeded without guidance from the Oregon Supreme Court. And at the motion to dismiss and summary judgment stages, I rejected Boydstun's arguments that the rule did not create a cause of action under ORS 654.062(5)(c), and alternatively, that the right 437-001-0744(3)(*l*)(B) created was the right to return to work after quarantining, which Mr. Aguilar-Padilla did not exercise. Tr. of July 11, 2022, Hr'g [ECF 58] at 45:21–46:20; Mins. of Proc. [ECF 71].

Mr. Aguilar-Padilla's second claim culminated in a two-day jury trial. At trial, I instructed the jury that under OAR 437-001-0744(3)(*l*)(B), Mr. Aguilar-Padilla had a "right to take leave from work and to return to his previous job duties once cleared to return to work." I further instructed the jury that for Mr. Aguilar-Padilla to have this right, the rule "imposed on [him] a corresponding duty: the duty to quarantine," which "means to isolate at home and away from other non-quarantined individuals." Finally, I instructed the jury that Mr. Aguilar-Padilla "had the duty to quarantine only if [Boydstun] explained to him the scope of his duty to quarantine."

The jury found for Mr. Aguilar-Padilla and awarded him $60,000 in noneconomic damages. Boydstun now renews its motion for judgment as a matter of law, made at the close of evidence during trial. Boydstun argues: (1) the evidence does not support a verdict for Mr. Aguilar-

3 – OPINION AND ORDER

Padilla because (a) the right provided under OAR 437-001-0744(3)(*l*)(B) is either the right to return to work after quarantining or the right to participate in quarantine and (b) OAR 437-001-0744(3)(*l*)(B) does not support a claim under ORS 654.062(5)(c); and (2) noneconomic damages are not recoverable under ORS 654.062. Def.'s Mot. at 4–5, 6. Boydstun also moves for a new trial, arguing: (1) the jury awarded damages not recoverable under ORS 654.062; (2) the damages awarded were excessive; (3) Jury Instruction No. 14 was not an accurate statement of the law; (4) the Court improperly overruled Boydstun's objection to Mr. Aguilar-Padilla's improper missing witness argument; and (5) the verdict was contrary to the clear weight of the evidence. *Id.* at 7–12. Alternatively, Boydstun moves for remittitur. *Id.* at 13.

## LEGAL STANDARD

"In considering a Rule 50(b)(3) motion for judgment as a matter of law, the district court must uphold the jury's award if there was any 'legally sufficient basis' to support it." *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd*, 762 F.3d 829, 842 (9th Cir. 2014) (quoting *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 859 (9th Cir. 2002)). "In making that determination, the district court considers all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party . . . ; the court may not make any credibility determinations or reweigh the evidence." *Id.*

"The court may, on motion, grant a new trial . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)). "[T]he district court, in

considering a Rule 59 motion for new trial, is not required to view the trial evidence in the light most favorable to the verdict. Instead, the district court can weigh the evidence and assess the credibility of the witnesses." *Experience Hendrix*, 762 F.3d at 842.

"When the court, after viewing the evidence concerning damages in a light most favorable to the prevailing party, determines that the damages award is excessive, . . . [i]t may grant defendant's motion for a new trial or deny the motion conditional upon the prevailing party accepting a remittitur." *Fenner v. Dependable Trucking Co.*, 716 F.2d 598, 603 (9th Cir. 1983).

## DISCUSSION

### I. Renewed Motion for Judgment as a Matter of Law

#### A. *The evidence does not support a verdict for Mr. Aguilar-Padilla on liability.*

Although Boydstun frames its first argument as disputing the sufficiency of the evidence, it is really raising two legal arguments that it already raised at multiple stages of this litigation. *See* Def.'s First Mot. to Dismiss [ECF 20] at 5–6 (arguing that OAR 437-001-0744(3)(*l*)(B) does not support a claim under ORS 654.062(5)(c)); Def.'s Second Mot. to Dismiss [ECF 27] at 5 (arguing that OAR 437-001-0744(3)(*l*)(B) creates a "'right' to return to work following quarantine or isolation"); Def.'s Mot. for Summ. J. at 15 (arguing again that OAR 437-001-0744(3)(*l*)(B) creates a right to return to work after quarantining); Joint Proposed Jury Instrs. at 8 (requesting that the right be defined as "the right to participate in quarantine"); Def.'s Objs. to Proposed Jury Instrs. at 2–4 (re-raising argument that that OAR 437-001-0744(3)(*l*)(B) creates a right to return to work after quarantining and arguing alternatively that the rule creates a right to quarantine); Tr. of Jury

Trial Day 2 at 170:22–172:24 (re-raising arguments that rule does not create a cause of action and rule only creates a right to return to work after quarantining).

At each stage of litigation, I have rejected the arguments Boydstun raises. *See* Tr. of July 11, 2022, Hr'g at 45:21–46:20 (finding that OAR 437-001-0744(3)(*l*)(B) creates a private right of action under ORS 654.062(5)(c)); Mins. of Proc. (denying Boydstun's Motion for Summary Judgment); Tr. of Jury Trial Day 2 at 176:9–11 (rejecting arguments that rule does not create a private right of action, or alternatively, only creates a right to return to work after quarantining); End of Case Jury Instrs. [ECF 128] at 10 (defining nature of protected right). And I do so again here because Boydstun does not raise any new arguments for me to reverse my prior rulings on these issues.

B. *Noneconomic damages are not recoverable under ORS 654.062(5).*

Next, Boydstun contends that Mr. Aguilar-Padilla's judgment is based on noneconomic damages for emotional distress and that noneconomic damages are not recoverable under ORS 654.062(5). Def.'s Mot. at 6. Boydstun argues that, therefore, the evidence does not support the jury's verdict. *Id.* at 7.

Boydstun did not raise this objection in its Rule 50(a) motion, or for that matter, at any time during the course of the case, and thus is precluded from raising it for the first time in its Rule 50(b) motion. "[A] Rule 50(b) motion may be considered only if a Rule 50(a) motion for judgment as a matter of law has been previously made." *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1081 (9th Cir. 2009). "A post-trial motion for judgment can be granted only on grounds advanced in the pre-verdict motion." *Id.* (citing Fed. R. Civ. P. 50 advisory committee's note on 1991 amendments). And a party cannot properly "raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule

50(a) motion." *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) (citing Fed. R. Civ. P. 50 advisory committee's note on 1991 amendments).

Likewise, Boydstun's argument that this Court can review an issue for plain error even if it was not raised in a Rule 50(a) motion is misplaced. The case law Boydstun cites pertains to plain error review for sufficiency of the evidence. *E.E.O.C. v. Go Daddy Software, Inc.* explains:

> However, in ruling on a Rule 50(b) motion based on grounds not previously asserted in a Rule 50(a) motion, 'we are limited to reviewing the jury's verdict for plain error, and should reverse only if such plain error would result in a manifest miscarriage of justice.' 'This exception . . . permits only extraordinarily deferential review that is limited to whether there was *any* evidence to support the jury's verdict.'

581 F.3d 951, 961–62 (9th Cir. 2009) (citations omitted). Boydstun contends that "because the only evidence of damages related to a type that is not legally cognizable under the law at issue, there was not 'any evidence to support the jury's verdict.'" Def.'s Mot. at 7. But Boydstun is not really challenging the sufficiency of the evidence supporting the jury's findings. Rather, it is challenging the legal availability of noneconomic damages under the applicable statute—a challenge that Boydstun is raising belatedly and should have raised before the conclusion of trial. As such, Boydstun's argument is untimely and waived.

Accordingly, I deny Boydstun's Renewed Motion for Judgment as a Matter of Law.

## II. Motion for a New Trial

### A. *The verdict and judgment are based on a form of damages that are unrecoverable under ORS 654.062.*

Boydstun's argument that the damages awarded are unrecoverable under ORS 654.062 warrants a new trial is untimely and improper under Rule 59. New trials are typically granted when the jury's verdict is against the clear weight of the evidence, to rectify an error the court committed, or to remedy an issue of unfairness that tainted the trial. *Molski*, 481 F.3d at 729. None of these situations apply here. Sufficiency of the evidence is not at issue because the evidence supports the

7 – OPINION AND ORDER

jury's finding of emotional damages. Likewise, this Court did not err. At no point did Boydstun object to the award of emotional damages. And the trial was not unfair. Boydstun could have objected to the award of emotional damages but failed to do so. *See Tortu*, 556 F.3d at 1085 (denying the defendant's Rule 59 motion because the defendant raised his qualified immunity argument for the first time in post-trial motions, and it was a "legal matter [that] c[ould] not be appropriately considered on a motion for a new trial, where the issue is whether the jury's verdict is against the clear weight of the evidence"). Accordingly, Boydstun's argument is waived.

### B. *The damages awarded were excessive.*

Boydstun does not actually argue that the jury awarded excessive damages, rather it argues that damages were excessive because noneconomic damages are unavailable under ORS 654.062. Def.'s Mot. at 9. For reasons already discussed, this argument is waived.

### C. *The jury instructions warrant a new trial.*

Boydstun argues that Jury Instruction No. 14 was not an accurate statement of the law. It reasserts the arguments it made in its Renewed Motion for Judgment as a Matter of Law, contending that the right OAR 437-001-0744(3)(*l*)(B) conferred was the right to return to work after quarantining or alternatively the right to quarantine. Def.'s Mot. at 9–10. As discussed, I already rejected these arguments at various stages of this litigation, including at trial, and I do so again here. In any event, Boydstun has not shown that Jury Instruction No. 14 is not an accurate interpretation of OAR 437-001-0744(3)(*l*)(B) and the right it confers.

### D. *Mr. Aguilar-Padilla's improper missing-witness argument is a basis for a new trial.*

During closing arguments, Mr. Aguilar-Padilla referenced the absence of testimony from his supervisor, Gordy Shipman. Mr. Aguilar-Padilla argued:

> Let's take a look at Gordy Shipman's record of what he was saying to Mr. Aguilar-Padilla when he was on leave. This is Exhibit 13. You'll have it with you in the jury

> room. Read this and ask yourself did Boydstun explain that Mr. Aguilar-Padilla was supposed to be isolating at home? Did Boydstun make clear to Mr. Aguilar-Padilla if he could leave his house at all during his leave? And here's another question. Where is Gordy Shipman? If he could testify, 'I personally told Mr. Aguilar-Padilla daily about the scope of his duty to quarantine,' you'd think they would have brought him in here to give that testimony to you as a witness.

Tr. of Jury Trial Day 2 at 271:22–272:8. Boydstun objected to this argument as an improper missing-witness argument, which I overruled. *Id.* at 272:11–23.

Boydstun has not shown that Mr. Aguilar-Padilla's missing-witness argument justifies a new trial. Boydstun has not cited any Ninth Circuit case law suggesting that a single statement in a party's closing argument about a missing witness is grounds for a new trial. *See* Def.'s Mot. at 10–12; *see also S.E.C. v. Jasper*, 678 F.3d 1116, 1129 (9th Cir. 2012) (noting that allegedly improper statements the SEC made on three issues during its closing argument were insufficient to warrant a new trial because alleged misconduct did not "permeate" the entire trial).

Additionally, it is far from clear whether Mr. Aguilar-Padilla's argument was in fact improper. Boydstun asserts that the argument was improper because Mr. Aguilar-Padilla conceded at trial that he had an equal opportunity to depose Mr. Shipman. Def.'s Mot. at 11. But *Kean v. C.I.R.* suggests that the inquiry of "equal availability" depends on more than just whether a party could have deposed the witness. 469 F.3d 1183 (9th Cir. 1972). *Kean* concludes that even though the missing witness was in the courtroom for trial, the witness was not equally available to both parties because the defendant had employed the witness for over 20 years and "had superior knowledge of the testimony that might be expected from him." *Id.* at 1188. As in *Kean*, Mr. Shipman was an employee of Boydstun. And as in *Kean*, Boydstun "had superior knowledge" of Mr. Shipman's potential

9 – OPINION AND ORDER

testimony. In short, Boydstun has not shown that Mr. Aguilar-Padilla's argument was improper.

For these reasons, I reject Boydstun's argument that Mr. Aguilar-Padilla's missing-witness argument is grounds for a new trial.

E. *The verdict was contrary to the clear weight of the evidence.*

Boydstun argues that the verdict was contrary to the clear weight of the evidence because the evidence shows that Mr. Aguilar-Padilla was informed of his duty to quarantine and no rational juror could find that he quarantined. *Id.* at 12. Boydstun's argument fails because the jury heard competing testimony as to whether Boydstun informed Mr. Aguilar-Padilla of his duty to quarantine. Tr. of Jury Trial Day 1 at 71:7–73:2. As such, it was up to the jury to decide which testimony it should credit, and it was entitled to resolve the factual dispute in favor of Mr. Aguilar-Padilla.

For the foregoing reasons, I deny Boydstun's Motion for a New Trial.

III. **Motion for Remittitur**

Finally, Boydstun argues that because the evidence presented at trial does not support an award of damages recoverable under ORS 654.062(5), the Court should remit the judgment to zero or a nominal amount. Def.'s Mot. at 13–14.

Boydstun's motion is misplaced. Remittitur is designed to redress a jury's error in evaluating the evidence. "We must uphold the jury's finding unless the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork." *Del Monte Dunes v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996). Boydstun has not shown that the evidence does not support the jury award. Nor has Boydstun shown that remittitur is proper

where the type of damages awarded are not available under the cause of action. For these reasons, I deny Boydstun's Motion for Remittitur.

## CONCLUSION

For the reasons stated above, I DENY Boydstun's Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial or, in the Alternative, for Remittitur.

IT IS SO ORDERED.

DATED this  21  day of June, 2024.

*Michael W. Mosman*
MICHAEL W. MOSMAN
Senior United States District Judge

11 – OPINION AND ORDER