IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**JULIO AGUILAR-PADILLA,**

          Plaintiff,

   v.

**BOYDSTUN EQUIPMENT MANUFACTURING, LLC,**

          Defendant.

No. 3:21-cv-00753-MO

JUDGMENT


**MOSMAN, J.,**

This matter comes before me on remand from the Ninth Circuit to "deduct the fees devoted solely to counsel's work on Claim 2" from the original fee award. Am. Mem. Disposition (Amended Disposition), [ECF 190]. The parties filed a joint brief regarding the fee award. Joint Br., [ECF 195]. As explained below, I enter judgment[1] reducing the original fee award by $75,743.14, and awarding Aguilar-Padilla $366,338.66 in attorney fees and $10,229.21 in costs. The rate of post-judgment interest is 5.01% and that interest began accruing on the amount awarded on remand on December 17, 2024, the date of the original fee decision.

///

---

[1] The parties agree that the fee award should be entered in the form of a judgment rather than an order for collection purposes. [ECF 195] at 11.

1 – Judgment

## BACKGROUND

### I.    Plaintiff's Claims

Plaintiff Julio Aguilar-Padilla sued his former employer Boydstun Equipment Manufacturing LLC for terminating him and withholding sick pay during a state-mandated quarantine after his wife tested positive for COVID-19. He brought three claims: (1) failure to pay sick leave in violation of 29 U.S.C §§ 201 et seq. (Claim One), (2) retaliation in violation of ORS 654.062 (Claim Two), and (3) penalty wages for violation of ORS 652.140–150 (Claim Three). I awarded Aguilar-Padilla partial summary judgment on Claims One and Two. In a trial several months later, a jury heard Claim One in part and Claim Two and found for Aguilar-Padilla. In the end, Aguilar-Padilla succeeded on all three of his claims.

### II.    Aguilar-Padilla's Post-Trial Attorney Fees and Costs Motion

Aguilar-Padilla moved for attorney fees and costs. The laws underlying Claims One and Three provide for an award of reasonable attorney fees and costs to a successful plaintiff. *See* 29 U.S.C § 216(b); ORS 652.200. Aguilar-Padilla conceded that there is no statutory basis for an award of attorney fees for Claim Two. Nonetheless, Aguilar-Padilla argued that I had the authority to award him full attorney fees for two reasons. First, his full success on Claim One required a trial and a jury determination that his termination was unlawful. Second, the work that his counsel did throughout the case on Claim One was so intertwined with the work done on Claim Two that the attorney fees for the two claims could not be separated.

The parties agreed that a jury trial on Claim Two was necessary to fully resolve Claim One, and that the "inextricably intertwined" analysis applied. They parted ways, however, on how to interpret that standard. Aguilar-Padilla argued that intertwined means sharing the same common core of facts or a similar legal theory, such that they claims would be expected to be tried together.

2 – Judgment

Boydstun asserted that I was required to carve out the work spent only on Claim Two. I found that well-reasoned Ninth Circuit dicta supported Aguilar-Padilla's reading of the standard, *see Armstrong v. Davis*, 318 F.3d 965, 975 (9th Cir. 2003), and found that, because it was reasonable to conclude that Aguilar-Padilla would have done the vast majority of the same trial preparation even if Claim Two were not in the case, the work on Claim Two was so inextricably intertwined with the work done for Claim One that it could not be meaningfully separated out. Accordingly, I held that Aguilar-Padilla was entitled to fees for Claim Two and awarded Aguilar-Padilla's counsel full attorney fees.

### III.    Boydstun's Appeal

Boydstun appealed both the judgment in Aguilar-Padilla's favor and the attorney fees award. The Ninth Circuit affirmed except as to the attorney fees award, which it vacated and remanded for me to "deduct the fees devoted *solely* counsel's work on Claim 2." [ECF 190] at 11 (emphasis added). The Amended Disposition recognized that, without proving a retaliatory motive, which was necessary for Claim Two, Aguilar-Padilla could not have shown entitlement to full damages under the federal statute supporting Claim One. *See id.* at 10. The Panel, however, agreed with Boydstun that "other work devoted solely to Claim 2 was both apportionable and reasonably identifiable." *Id.* As an example, the Amended Disposition identified "the fees for Claim 2 included pretrial litigation to establish statutory support for the private cause of action Aguilar-Padilla asserted in Claim 2." *Id.* at 11.

## DISCUSSION

The parties submitted a joint brief regarding fees along with a color-coded spread sheet that explains their agreement and disputes about the attorney fees reduction. [ECF 195], Attach.,

3 – Judgment

[ECF 195-1]. I first address the parties' agreed upon reductions and then consider the disputed entries.

## I.    Agreed Upon Reductions

The parties agree that 100% of the time entries specifically identified in the Ninth Circuit's Amended Disposition, which are colored blue on the attached spreadsheet, must be deducted with one exception. [ECF 195] at 2–3. The Amended Disposition identified the 1.0-hour entry on 9/8/23 to "Review material on damages and look for most recent case law" as ambiguous. Aguilar-Padilla proposes an 80% reduction of this entry because "most, but not all, damages issues at that phase . . . were related to Claim 2 only." *Id.* at 3. Boydstun proposes a reduction of 51%. *Id.* The parties agree to a 100% reduction of some of the time entries which the Panel did not identify, and those are colored green on the attached spreadsheet. *Id.* I deduct 100% of the green-colored spreadsheet entries and the blue-colored spreadsheet entries, except for the 9/8/23 1.0-hour entry, from the attorney fees award. As proposed by Aguilar-Padilla, I deduct 80% of the 9/8/23 1.0-hour entry from the attorney fee award. *See id.*

## II.    Disputed Reductions

### A.    Waiver

Before addressing the disputed time entries, I consider whether Boydstun waived its argument that I should disallow the bulk of the fees sought because most of the litigation in this case centered around Claim Two, Aguilar-Padilla's retaliation claim. *See* [ECF 195] at 6–7. Aguilar-Padilla points out that Boydstun's pre-appeal briefing argued for a fee reduction to account for "'work that was specific to the Second claim and did not reasonably advance any fee-bearing claim.'" *Id.* at 3–4 (quoting [ECF 161] at 4). He asserts that Boydstun waived its more extensive fee reduction argument by raising it for the first time on remand. *Id.* Finally, Aguilar-Padilla argues

4 – Judgment

that Boydstun's proposed reductions are not appropriate because the Ninth Circuit largely rejected them on appeal. *Id.* at 4. Boydstun appears to argue that it has not waived its new fee reduction arguments because, on appeal, it had no opportunity "to argue about which fees were Claim-2 relevant." *Id.* at 8, fn.8. Moreover, Boydstun argues that "there is no harm" to Aguilar-Padilla from its more extensive fee reduction proposal on remand because Aguilar-Padilla has had "a full and fair opportunity" to argue against it. *Id.* at 7–8; *see cf. Koener v. Grigas*, 328 F.3d 1039, 1049 (9th Cir. 2003) (listing one exception to the rule against considering issues not raised in an opening appeal brief is if failure to properly raise the issue does not prejudice the opposing party).

I assume without deciding that Boydstun did not waive its argument for additional reductions on remand because, as discussed below, the Ninth Circuit's Amended Disposition precludes Boydstun's arguments for extensive reductions based on "the role Claim 2 played in this case." *See* [ECF 195] at 11.

### B.    Fee Deduction

I agree with Aguilar-Padilla that the reductions that Boydstun proposes in its post-appeal objections are not appropriate because the Ninth Circuit did not fully accept Boydstun's fee arguments on appeal. *See* [ECF 195] at 4. The Panel rejected Boydstun's argument that Aguilar-Padilla's counsel's work opposing the motion to Dismiss Claim Two was not necessary to prosecute Claim One. *See* [ECF 190] at 190. It recognized that Aguilar-Padilla's counsel's work opposing Boydstun's motion to dismiss Claim Two was required for Claim One because "[w]ithout proving a retaliatory motive, Aguilar-Padilla could not demonstrate entitlement to full damages pursuant to the federal statute supporting Claim 1, and he could only recover sick pay up to the date he was terminated." *Id.* The Panel agreed with Boydstun, however, that fee entries that were "not necessary to prosecute Claim 1" should be deducted from the fee award on remand and

5 – Judgment

offered examples of "work devoted solely to Claim Two [that was] both apportionable and reasonably identified." *Id.* at 9–10.

Accordingly, the Amended Disposition does not support Boydstun's argument for a "bulk reduction" of 51% to the total amount of fees Aguliar-Padilla's counsel seeks. [ECF 195] at 10–11. For example, Boydstun's proposal would significantly reduce the fee for counsel's work opposing Boydstun's motion to dismiss, but the Amended Disposition recognizes that this work was necessary for Aguilar-Padilla's total recovery on Claim One. *See* [ECF 195] at 6–7; [ECF 190] at 9. It is not appropriate on remand to significantly reduce entries that are neither solely devoted to Claim Two nor apportionable and reasonably identifiable. *See* [ECF 190] at 9–10.

Boydstun points out that Aguilar-Padilla's counsel did not segregate billing entries by claim, which makes apportionment more difficult. [ECF 195] at 10–11. I find Aguilar-Padilla's counsel's billing entries reasonable given that much of counsel's work was related to all three claims. Thus, the failure to divide entries based on claim does not support an "at least 51 percent" fee reduction. *See id.* at 11.

After reviewing the disputed entries, I find that Aguilar-Padilla's proposed reductions for the disputed entries reasonably reflect the Ninth Circuit's direction on remand to deduct amounts "devoted solely to counsel's work on Claim 2." *See* [ECF 195] at 5–6.

///

///

///

///

///

///

///

6 – Judgment

## JUDGMENT

I award Aguilar-Padilla's counsel $366,338.66 in attorney fees and $10,229.21 in costs; a total award of $376,567.87. The rate of post-judgment interest is 5.01%, which began accruing on December 17, 2024, the date of the original fee decision.[2]

IT IS SO ORDERED.

DATED this ___ day of August, 2026.

MICHAEL W. MOSMAN
United States District Judge

---

[2] The parties stipulate to the post-judgment interest rate and to the cost award. [ECF 195] at 11.

7 – Judgment